KEMP et al. v. MACREADY et al. (No. 6121.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.)

1. TRUSTS (§ 217\*)—INCOME FROM FUNDS—AMORTIZATION FUND.

In the absence of a clear direction in the will to the contrary, trustees who invest the funds in securities purchased at a premium must set aside a portion of the income sufficient to maintain the principal intact from loss by the payment of the premium; but if the securities were received from the estate, or were specifically bequeathed, the whole interest should be treated as income.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–304, 306–309; Dec. Dig. § 217.\*]

2. WILLS (§ 684\*)—INCOME FROM FUNDS—AMORTIZATION FUND—DIRECTIONS OF TESTATOR.

Where a testator directs his executors to set apart enough of his estate to produce a certain minimum income for the beneficiary, and from the net income to pay to the beneficiary the amount specified, the dominant intention of the testator was that the beneficiary should receive the specified income, and where the funds were invested in securities purchased at a premium, which produced only the minimum income, the trustees were not required to set aside a part of the income as an amortization fund.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.\*]

3. TRUSTS (§ 217\*)—ACCOUNTS—INCOMES FROM FUNDS.

While every man is presumed to know the law, it would be inequitable to charge trustees with the amount which they should have deducted from the income of the trust fund for the creation of an amortization fund, before the decision of the Court of Appeals establishing the rule for the creation of such fund.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–304, 306–309; Dec. Dig. § 217.\*]

McLaughlin, J., dissenting.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Judgment on Report of Referee.

Action by Edward Kemp, as trustee, and others, against Louisa M. K. Macready and others. From a judgment entered upon report of the referee surcharging the trustee, they appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

R. Floyd Clarke, of New York City, for appellants.

Enos Throop Geer, of New York City, for respondent Margaret Kemp.

Satterlee, Canfield & Stone, of New York City, for respondent William C. B. Kemp.

Henry M. Stevenson, of New York City, guardian ad litem of infant defendants.

SCOTT, J. I agree generally with the construction given by the learned referee to the will of William Kemp, deceased, although not without sharing in the misgivings he evidently entertained as to the validity of the seventh article. I am not, however, able to concur in the affirmance of the judgment appealed from, in so far as it surcharges the accounts of the plaintiffs and imposes a personal liability upon them for a large sum of money, which, as it is found, they should have, but did not, retain out of income in order to create an amortization fund to meet the depreciation in capital value of certain securities purchased by former trustees at a price above par and turned over to these plaintiffs by order of the Surrogate's Court after an acounting by said former trustees. The original investment in such securities was authorized by the will, which gave broad powers in this regard to the trustees, and such investment is not now claimed to have been improvident, as, indeed, it could not well be, after the approval thereof by the Surrogate's Court.

The will made a somewhat unusual provision for the payment of income to the testator's widow and children. He created, as the will has been construed, several trusts for the benefit of each, and provided in terms the minimum income that was to be paid to each; the amount of the trust being originally measured in each case by the amount necessary to provide the minimum income to be paid over. It was not until January 2, 1909, more than a year after the commencement of this action, that the trusts thus created were able to provide even the minimum incomes designated by the testator as those to be paid to his widow and children, and up to that time the trustees retained no part of the income to create an amortization fund. They did, however, from and after January 1, 1909, commence to set aside such an amortization fund.

[1] The question as to when and under what circumstances trustees should set apart income to make good the shrinkage in capital value of securities purchased at a premium above par has been much discussed in this state, and cannot be said to have been put at rest until the decision of the Court of Appeals in Matter of Stevens, 187 N. Y. 471, 80 N. E. 358, 12 L. R. A. (N. S.) 814, 10 Ann. Cas. 511, which was handed down in February, 1907. Prior to that time it had been held, in Matter of Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126, that the question

as to how the loss, occasioned by the payment of premiums on investing the principal of a testamentary trust fund, should be borne as between the life tenant and remainderman was to be determined by ascertaining, when that could be done, the intention of the testator as expressed in the will creating the trust, *in view of the relation of the parties and surrounding circumstances.* As was justly remarked by Chief Judge Cullen in Matter of Stevens, supra, no trustee could know how to safely act under such a rule.

The rule was finally settled by the Stevens Case, followed by Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938, that in the absence of a clear direction in the will to the contrary, where investments are made by the trustees, the principal must be maintained intact from loss by the payment of premiums on securities having only a definite term to run, while if the bonds are received from the estate of the testator, or had been specifically bequeathed, the whole interest should be treated as income.

[2] Both of the cases last cited, however, concede that the rule requiring the creation of an amortization fund with respect to securities purchased by the trustees will be applicable only where, as is said in the Stevens Case, there is "no clear direction in the will to the contrary," or, as is said in the Robertson Case, "when the will affords no aid upon the subject of the testator's intention." The learned referee has applied the rule in its full rigor in the present case, finding nothing in the will to indicate a different intention on the part of the testator. I think, on the contrary, that such a different intention is very clearly expressed. The direction to the executors and trustees in each case runs as follows:

"I direct my executrix and executors hereinafter named to set apart out of my estate such sum as will be sufficient to produce an annuity or annual sum [of a specified amount] over and above all taxes and charges connected therewith, * * * and to collect and receive the income thereof, and out of the net income thence arising to pay over or apply to the use of"

—the beneficiary named a definite sum which varies in amount in different cases. It is plain that the predominant purpose of the testator, so far as concerned these several trusts, was that each beneficiary should receive at least the annual income specified in each case, and the amount to be set apart as a trust fund was measured by its ability to produce such income. It seems to me that it is quite clear that it could not have been within the intention of the testator that the several sums thus provided to be paid should be reduced, except by unavoidable taxes, charges, and expenses, below the minimum fixed by him for the benefit of the remaindermen, who, to some extent, at least, will profit doubly, if the judgment herein be affirmed, in having been paid more income than they should have received, and then having the amount so paid returned to the estate by the trustees individually.

[3] Furthermore, as it seems to me, the surcharge of the trustees' accounting is very inequitable. It is a legal maxim that every man is presumed to know the law; but it frequently expresses a legal fiction, and it certainly implies unusual acumen on the part of these trustees to charge them with knowledge, before the decision of the Court of Appeals in the Stevens Case, that the law required them, under such

a will as they were engaged in administering, to cut down the annual income specifically provided for by setting up an amortization fund.

In my opinion, the judgment appealed from should be modified in the respect indicated, and, as modified, affirmed, with costs to the appellants payable out of the estate.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur. McLAUGHLIN, J., votes to affirm, for reasons stated by referee.