Matter of the Estate of SAMUEL THOMAS, Deceased.

(Surrogate's Court, New York County, December, 1919.)

Trustees — testamentary — when not authorized to withhold funds for a sinking fund — accounting.

    Part of a trust fund consisted of bonds purchased by the testator in his lifetime. The will of the testator did not require the trustees to set up a sinking fund. The trustees in error withheld certain income from these bonds to create a sinking fund and a decree in an intermediate accounting, settled upon consent, adjudged that the amount of the sinking fund was properly withheld by the trustees. *Held,* that the life beneficiaries were entitled to the full income derived from the bonds in question without any deduction for a sinking fund, and while the decree in the intermediate accounting is *res adjudicata* as to all matters embraced in that accounting the application in this proceeding will be regarded as one to amend the former decree and the trustees directed to pay over the fund withheld to the life beneficiaries.

APPLICATION for an order directing the trustees to pay over a certain fund which is now held by said trustees as part of a sinking fund.

Surrogate's Court, New York County, December, 1919. [Vol. 109.

Benjamin Patterson, for petitioners.

T. Ludlow Chrystie, for Eldridge & Riker, trustees.

George Bell, for Robert Livingston Beekman, trustee.

Archibald M. Maclay, general guardian for Samuel F. Thomas.

FOWLER, S. This is a proceeding instituted by Edward R. Thomas and Eleanor T. Beekman, children of the above named deceased, for an order directing the trustees to pay over to them a fund amounting to $29,819.24, which is now held by said trustees as part of a sinking fund to amortize 2,250 bonds of the par value of $1,000 each of the Chicago, Indianapolis and Louisville Railway, which were purchased by the testator at a premium. By the terms of the will the trustees were directed to pay over to the testator's widow, Ann A. Thomas, the sum of $100,000 a year during her life. The two petitioners were entitled to the income from the residuary estate during their lives, with remainder over to their issue if any. The Chicago, Indianapolis and Louisville Railway bonds aforesaid were not purchased by the executors or trustees, but were investments made by the testator during his life, and were received by the executors as part of his estate. There is no provision in the will either impliedly or expressly requiring the setting up of the sinking fund, and the life beneficiaries are therefore entitled to the full income derived therefrom, without any deduction for a sinking fund. *Kemp* v. *Macready,* 165 App. Div. 124; *Robertson* v. *De Brulatour,* 188 N. Y. 301. The trustees admit that they were in error

in the creation of such sinking fund, and agree with the petitioners that this surplus income should be paid over to them if an authority for such payment exists in view of the decree of November 22, 1911, of this court, adjudging that said amount belonged to the sinking fund. This decree was made in an intermediate accounting, which was settled upon the consent of all parties. All the parties interested in that decree are before the court now. While that decree is *res adjudicata* as to all matters embraced in that accounting, there would seem to be no objection to regarding this application as one to amend that decree. The petitioners are entitled to this money, the trustees being without authority in law to create such sinking fund, and the same should be paid over to them. Furthermore, as this decree of 1911 was in an intermediate accounting, there would be no reason, upon the consent of all parties when a final accounting has taken place and a decree asked, to insert therein a direction for the payment of this unauthorized accumulation to the petitioners. I am therefore of the opinion that this application should be granted.

Decreed accordingly.