BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* GEORGE H. WILLIAMS.

Suffolk. April 3, 1934. — April 4, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Trust*, Principal and income. *Evidence*, Relevancy.

Where bonds owned by a decedent in his lifetime were delivered by the executor of his will to the trustee thereunder at an appraisal value above par, the will requiring the trustee to pay "the net income" to a life beneficiary and not containing any provision as to amortization, it was not proper for the trustee thereafter to amortize the difference between par and the appraisal value of the bonds by deductions from the interest received thereon; the life beneficiary was entitled to the whole net income therefrom.

In proceedings in which the issue was the propriety of such amortization, it was proper to exclude evidence offered by the life beneficiary to show that the cost of the bonds to the testator was less than par.

PETITION, filed in the Probate Court for the county of Suffolk, for allowance of the second account of the petitioner as trustee under the will of Annie H. Williams, late of Boston.

The petition was heard by *Prest*, J. Material facts are stated in the opinion. The judge excluded evidence offered by the respondent to show that certain of the bonds on which amortization charges were claimed were gifts to the testatrix and cost her nothing; that the larger part of the bonds on which amortization charges were claimed were purchased by the testatrix at less than par; and that the average cost of all the bonds originally the property of the testatrix, which went into the trust, was substantially less than par. By order of the judge, a decree allowing the account was entered. The respondent appealed.

*F. N. Nay*, for the respondent.

*C. M. Rogerson*, for the petitioner.

*F. L. Norton*, for the guardian *ad litem*.

RUGG, C.J. This is an appeal from a decree allowing an account of a trustee. The relevant facts are not in dispute: The testatrix after some minor bequests gave her entire estate to the accountant in trust with the direction that "the net income from my estate shall be paid quarterly by the said trustee to my husband, George H. Williams, during the natural term of his life." The will contains no directions as to the amortization of premiums on investments. The accountant received from the executor numerous bonds owned by the testatrix in her lifetime. They were appraised in the inventory of the executor and that of the accountant at a premium above their par value. The accountant made amortization charges against interest received on these bonds. The main question argued is whether these amortization charges were proper.

In *Old Colony Trust Co.* v. *Comstock, ante,* 377, the decision in *New England Trust Co.* v. *Eaton,* 140 Mass. 532, has been reaffirmed to the effect that amortization of bonds purchased by the trustee at a premium was proper. That is not the exact point presented in the case at

bar because here the bonds were acquired by the founder of the trust, from whom they came to the trustee. The precise question here raised was decided in *Hemenway* v. *Hemenway*, 134 Mass. 446, 452, where it was held that amortization of premium bonds received from the founder of the trust was not proper but that "the whole net income of investments thus authorized must go to the tenants for life by the terms of the will." The authority of that decision on other aspects was shaken by *New England Trust Co.* v. *Eaton*, 140 Mass. 532, but this point was affirmed at pages 542–543. In *Shaw* v. *Cordis*, 143 Mass. 443, at page 444, it was said: "If a testator leaves bonds which he owns to trustees, with direction or authority to hold the same, paying the interest to certain persons for life, with remainder over, the fact that such bonds are worth a premium at and after his death will not warrant the trustees in retaining any portion of the interest for the benefit of the remaindermen. To this extent, at least, the decisions heretofore made by this court agree." The two cases herein last cited are there cited as supporting authorities. See also *Old Colony Trust Co.* v. *Shaw*, 261 Mass. 158, 168.

This is the settled rule in this Commonwealth. It is supported by the fact that the testatrix who made the investments left them to the trustee with directions to pay the net income to the one having the first natural claim on her bounty. It is inferable that there was no intention to diminish that net income of specific investments for the benefit of more remote beneficiaries. While the distinction between investments left by the founder of the trust and those subsequently made by the trustees in the management of the trust is not too wide in logic, it has been made, it has become our rule, and has support in reason. This appears to be a widely accepted principle. *McLouth* v. *Hunt*, 154 N. Y. 179, 190, 191, 192. *Robertson* v. *de Brulatour*, 188 N. Y. 301, 315. *Connecticut Trust & Safe Deposit Company's Appeal*, 80 Conn. 540, 544–545. *Higgins* v. *Beck*, 116 Maine, 127, 132–133. It follows that there was error in the decree to the extent that amortization charges were allowed.

There was no error in the exclusion of evidence as to circumstances under which the testatrix acquired the bonds. *Polsey* v. *Newton,* 199 Mass. 450, 454.

*Decree reversed.*