In the Matter of the Accounting of MILDRED E. D. LENNON et al., as Executors, and CITY BANK FARMERS TRUST COMPANY, as Trustee, under the Will of J. STERLING DRAKE, Deceased.

Surrogate's Court, Richmond County, November 12, 1954.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee, petitioner.

*Allen & Bateson* for Elaine Drake.

*H. Vincent Smart* for Bernice D. Lill.

BOYLAN, S. The request of the City Bank Farmers Trust Company, as trustee, for authorization to consolidate the assets held in the dower interest trust, which has terminated, with the assets in the residuary trust, which has been held *in solido,* is granted. After consolidation, the trustee is directed to separate the trust funds into separate funds, one half for the benefit of Elaine Drake and one half for the benefit of Bernice Drake Lill.

The afore-mentioned income beneficiaries by their answers object to specific items in the executors' and trustee's account totaling $2,787.89, representing amortization on bonds purchased at a premium and charged against income. They contend that the premiums should be charged to principal and request that the will be so construed.

The law is well settled that when securities are purchased at a premium by an executor or trustee, he is required to set apart out of the income payable to the life beneficiary a sufficient sum each year with which to form a sinking fund of such extent that the principal of the trust will be kept intact and unimpaired, unless a clear intention to the contrary can be shown under the will. (*New York Life Ins. & Trust Co.* v. *Baker,* 165 N. Y. 484; *Furniss* v. *Cruikshank,* 191 App. Div. 450, mod. 230 N. Y. 495.)

Paragraph SIXTH of the will reads as follows: " SIXTH. I hereby direct that all transfer or inheritance taxes upon the legacies and devises given by this Will, including estates for life and in remainder, be paid out of the principal of my estate. I further direct that all net income earned by my estate during the period of administration be distributed in the same manner as I have provided for the distribution of the income of my residuary estate in subdivisions (1), (2) and (3) of Paragraph FOURTH of this Will, and that no part of the interest or income of my

estate shall become part of the principal.''

Paragraph FOURTH creates a trust of the residue of the estate with a direction that the same be disposed as follows: '' (1) To set aside and hold in trust a sufficient sum to yield an annual income of Three thousand five hundred Dollars ($3500.) and to apply said income to the support and maintenance of my wife EVELYN D. DRAKE, during her life, and upon her death to divide the principal into two equal parts and to hold said parts, respectively, for the uses and purposes set forth in subdivisions (2) and (3) immediately below.'' '' (2) To hold one half of the balance of my residuary estate for the use and benefit of my daughter BERNICE DRAKE LILL, during her life, and to pay over the income to her, in quarterly instalments.'' '' (3) To hold the other one half of the balance of my residuary estate for the use and benefit of my daughter MILDRED E. D. LENNON, during her life, and to pay over the income to her, in quarterly instalments.''

The court is of the opinion that the directions that all taxes be paid out of principal, that all net income be distributed and that no part of the interest or income shall become part of the principal, indicate an intention that the premiums on the bonds purchased by the trustee should not be charged against income. (See *McLouth* v. *Hunt*, 154 N. Y. 179; *Matter of Hoyt*, 160 N. Y. 607, and *Kemp* v. *Macready*, 165 App Div. 124.)

The trustee is directed to pay to Elaine Drake and Bernice Drake Lill, the testator's two daughters, that portion of the principal estate which the trustee withdrew from the income to pay the premiums on the bonds.

Enter decree judicially settling the account and in accordance herewith.