William T. Collins, S.
The special guardian of infant remaindermen objects to the account of the trustees only insofar as it reflects their failure to amortize the premiums on bonds acquired from the executors. It is not disputed that the trustees *1070 properly amortized the premiums on bonds purchased as new investments by either the executors or the trustees. Concededly, the trustees made no amortization where the bond had been owned by the testator, even though the price of the bond on the date of its receipt by the trustees was in excess of its face value or date of death value. The special guardian argues that the will bequeathed to the trustees a proportionate share of the residue, and not an interest in specific bonds; that the trustees, therefore, were not obligated to accept securities from the executors but could have insisted upon their share in cash; that having chosen to take securities at their market value as of the date of receipt, they have in effect “ purchased ” the bonds at a premium and are under the duty to amortize the premium.
The objection of the special guardian is directed generally to the failure to amortize the premiums on all bonds received from the executors. The objections are not directed to any particular difference among bonds so received. A brief reference in the argument of the trustees to bonds directly owned by the testator and bonds received by the executors in liquidation of a firm, supplies- no record basis for the court to draw any distinction between them. The issue as formulated is directed to all bonds received from the executors and the court will consider the question as thus formulated.
The rule governing amortization of bond premiums makes a distinction between bonds purchased by a trustee and bonds which formed part of the trust estate at the time of its creation. (Restatement, Trusts, § 239, subd. f; 1942 Report of N. Y. Law Rev. Comm., p. 109; 2 Scott, Trusts, § 239.2.) The Court of Appeals recognized this distinction in Matter of Stevens (187 N. Y. 471, 477), where it said: “ We, therefore, adhere to the rule declared in the Balter case [New York Life Ins. & Trust Co. v. Baker, 165 N. Y. 484], that in the absence of a clear direction in the will to the contrary, where investments are made by the trustee, the principal must be maintained intact from loss by payment of premium on securities having only a definite term to run, while if the bonds are received from the estate of the testator, then the rule in the McLouth case prevails, and the whole interest should be treated as income. These rules may not work perfect justice in all cases, and we fully appreciate that there may be inconsistencies between them, but it is far better that they should be uniformly adhered to, even at the expense of a particular case, than that the administration of estates should be subjected to constant litigation and disputes.” (Emphasis added.)
*1071 In the ease referred to as “ the McLouth case ” (McLouth v. Hunt, 154 N. Y. 179), the trust were to be constituted of fractional shares of the residue and the decree of the Surrogate directed the trustees to set aside for the trusts named securities at specified values. In holding that no amortization of premium was required in the case of bonds owned by the testator, the court predicated its decision on the testator’s intent. The presumed intent of the testator is sometimes assigned as justification for dispensing with amortization in such cases. (Restatement, Trusts, § 239, subd. f; 2 Scott, Trusts, p. 1336; 1942 Report of N. Y. Law Rev. Comm., p. 112.) Matter of Stevens (187 N. Y. 471, supra) rejected the view that the question should be determined on the peculiar facts and language of each case in favor of a certain rule that would serve as a guide to trustees, avoid confusion and reduce litigation and expense (p. 476). The distinction between bonds owned by the testator and bonds purchased by the trustees has been admitted to be “ not too wide in logic, [but] it has been made, it has become our rule, and has support in reason.” (Boston Safe Deposit & Trust Co. v. Williams, 290 Mass. 385, 387.) It has been generally followed in this State. (Matter of Fanoni, 88 Misc. 442, affd. 169 App. Div. 958, affd. 216 N. Y. 640; Matter of Hunt, 121 App. Div. 96, 104; Matter of Thomas, 109 Misc. 523.)
It is true that in Matter of Leopold (N. Y. L. J., July 7, 1942, p. 49, col. 7, Foley, S.) the court decided that the trustees were required to amortize the premium on a bond accepted by the trustees in lieu of cash on the settlement of the executors ’ accounting. That decision, however, seems to be based upon a construction of the will. The decision states that the parties were agreed on the construction, and probably for that reason the court did not elaborate on its decision. All rules relating to such administrative matters as bond premiums yield, of course, to an expressed direction of the testator. However, there is no basis in the pending will for any implication of intent contrary to the general rule. Nor is there any basis in public policy for broadening the rules for amortization of bond premiums. On the contrary, the Legislature has enacted a statute abolishing the requirement for amortizing any bond premiums in trusts thereafter created, and in view of that declaration of public policy, the courts would not be justified in broadening a rule for old trusts which the Legislature has endeavored to repeal insofar as reasonably possible. The objections of the special guardian in relation to amortization of bond premium are overruled.
Submit decree on notice settling the account accordingly.